UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DONALD BROWN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. | No. 12cv74 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of his application for social security disability benefits and supplemental security income. Briefing concluded January 29, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of April 13, 2007, plaintiff alleges disability due to multiple impairments including a cognitive impairment, intermittent explosive disorder, attention deficit hyperactivity disorder, mood disorder otherwise not specified, dysthymic disorder, generalized anxiety disorder, personality disorder not otherwise specified, borderline personality disorder, and a history of substance abuse and dependence. He asserts the Administrative Law Judge (ALJ) erred in applying collateral estoppel to the issue of whether he satisfied the listing at 20 CFR Part 404, Subpart P, App. 1, §12.05C, failed to identify his cognitive impairment as severe, improperly evaluated opinion evidence including a work

performance assessment submitted on September 11, 2011, as well as medical opinions of record, and failed to properly assess his residual functional capacity. Accordingly, plaintiff asserts that the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

It appears the ALJ did not address plaintiff's assertion that his condition satisfied the requirements at listing 20 CFR Part 404, Subpart P, App. 1, §12.05C, as the ALJ concluded this assertion was addressed in a previous administrative decision of April, 2007, and consideration thereof was barred by collateral estoppel. T. 16. It is the court's view that this was error, as a claim that plaintiff became disabled in 2007 is not the same as a claim that plaintiff was disabled at a time prior thereto. Groves v. Apfel, 148 F3d 809, 810-811 (7th Cir. 1998). The present claim is accompanied by new evidence, including but not limited to the psychological evaluations of Dr. Mraz and Dr. Marquardt. Additionally, evidence offered as proof of disability, though not found persuasive in an earlier proceeding, may be considered in combination with new evidence in a subsequent proceeding

for the purposes of determining if plaintiff has become disabled since the previous decision. Hillier v. Social Security Admin, 486 F3d 359, 365 (8th Cir. 2007).

Upon the foregoing, the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration in accordance herewith. In her decision, the ALJ relied in part upon a report from plaintiff's employer, which is apparently in substantial conflict with a subsequent clarifying report. T. 325-327. On remand, the Acting Commissioner may consider plaintiff's claims including as to cognitive impairment, the opinions of examining psychologists Dr. Mraz and Dr. Marquardt, the employer's second clarifying report which appears in conflict with the first summary relied upon by the ALJ, and vocational expert testimony.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

May 6, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3

Case 1:12-cv-00074-EJM   Document 18   Filed 05/06/13   Page 3 of 3